[Civ. No. 16265.   First Dist., Div. One.   Mar. 14, 1955.]

GLENDOLYN C. BECHHOLD, Respondent v. HAROLD R. BURKHART et al., Appellants.

Sherman, Peters, Elliott, Hutchins & Dixon for Appellants.

Davis & Colvin and Reynold H. Colvin for Respondent.

WOOD (Fred B.), J.—October 17, 1952, plaintiff Glendolyn C. Bechhold commenced an action against defendant Harold R. Burkhart as maker and defendant Walter G. Nellis as endorser of a promissory note for $15,000 alleging that $6,377 of the principal and 5 per cent interest thereon from May 6, 1952, remained unpaid.   The trial court found those allegations true and rendered judgment accordingly.   Defendants, in behalf of their appeal, challenge the sufficiency of the evi-

dence to support a finding against them upon their asserted counterclaim and a finding that the statute of limitations had run against the counterclaim.*

The counterclaim consisted of loans of money allegedly made by Burkhart to Bechhold evidenced by seven checks in various amounts executed and delivered during the period September 12, 1947, to December 19, 1949, in the aggregate sum of $11,004.01.

Mrs. Bechhold testified positively that these checks were not loans to her by Mr. Burkhart; that she never borrowed any money from him; that if she wanted to borrow any money, she went to banks.

Burkhart had no documentary evidence other than the checks themselves and they did not show what they were for. He was unable to recollect any conversation with Mrs. Bechhold concerning these alleged loans. He was unable to testify positively that they were in fact loans. For example, as to one of the checks which bore the designation "Account L" in the lower left-hand corner, he said "I imagine" that the designation meant the check was a loan from him to Mrs. Bechhold but he could not be sure that he had had any conversation with her in regard to it. Concerning another check, asked if it were a loan or not, he said "I don't know for sure, because I have no record on it except the check." As to another check, one in the amount of $1,000, he said the check was the only document he had and he could not possibly remember any of the circumstances which fixed in his mind the recollection that it was a loan. Asked if he could tell the circumstances surrounding it he said "I couldn't possibly. It would be a vague memory. I have no way of knowing." In response to similar questions concerning another check he said "My answer would be the same . . .; I have nothing other than the checks." Asked if there were any circumstances surrounding the issuance of that check which fixed it in his mind as a loan, he said "Well, the only thing I know is she

---

*December 15, 1952, Burkhart filed a complaint against Bechhold (a) for compensation in the sum of $25,000 and (b) for repayment of loans he had made to her in the sum of $14,000, the same loan transaction as pleaded in his counterclaim in the other action.

Both actions were tried at the same time.

The trial court found that Burkhart was never employed by nor did he render services to Bechhold, nor did he ever make any loans to her; also, that both claims were barred by the statute of limitations.

Although Burkhart appealed from this judgment, he has not discussed his claim for compensation. At oral argument he indicated abandonment of that claim.

got the money, and that is all I would know about it''; that his knowledge of its being a loan was what he presumed from the circumstances.

There is evidence also that Burkhart never made any demand for repayment of any of these asserted loans, nor asserted any right of offset, until after Mrs. Bechhold instituted the present action for collection of the balance on his $15,000 promissory note, despite the fact that during 1950-1952 he paid her $17,000 on account of loans from her to him aggregating $22,000. January 4, 1950, he signed a letter to her acknowledging receipt of $7,000 to be invested by him, the profits to be divided equally between them and the principal ''to be returned intact to the lender'' upon the termination of the agreement or the notice by her to him that she desires the return of ''her principal.'' The $15,000 note was given and dated March 22, 1950. Upon this combined indebtedness of $22,000, Burkhart paid $17,000 by a series of $1,000 checks during the period July 15, 1950, to May 7, 1952. Mrs. Helen G. DeSpain, on behalf of Mrs. Bechhold, received from Mr. Burkhart 14 of these checks and had various conversations with him during the period covered by those payments. Mrs. DeSpain testified that he never made any mention to her of an employment contract under which he claimed the sum of $25,000; she never heard of it, nor did she recall his ever mentioning any loans to her. Mr. Herbert Salinger represented Mrs. Bechhold in October or November, 1951, and subsequently, in attempting to collect from Burkhart payment of the promissory note in suit. In the course of his conversations with Mr. Burkhart the latter never claimed that there was money due and owing to him from Mrs. Bechhold. If his counterclaim were correct, he had the right during that period of an offset to the extent of $11,000, for his purported loans to her antedated her $22,000 loans to him, and he thus overpaid to the extent of $6,000. Such conduct upon Burkhart's part tends to indicate that the idea of loans from him to Mrs. Bechhold in the amount of $11,000 was an afterthought not founded in fact.

From this brief summary, it is apparent that there was evidence sufficient to support the finding of the trial court that defendant Burkhart did not lend to plaintiff Bechhold the sum of $11,000 or any sum whatever, and that there is no money due or owing from plaintiff to defendant; wherefore, the counterclaim fails, and there is no need to consider the

question whether the statute of limitations did or did not run against the alleged counterclaim.

Each of the judgments appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.